## HODGES v. ALEXANDER.

No. 3901.    Opinion Filed December 8, 1914.

**APPEAL AND ERROR—Failure to File Brief—Reversal.** Where plaintiff in error has prepared, served, and filed a brief as required by the rules of this court, and there is no brief filed, and no reason given for its absence, on the part of defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error. (Syllabus by Rittenhouse, C.)

*Error from County Court, Carter County;*

*M. F. Winfrey, Judge.*

Action by M. L. Alexander against M. L. Hodges. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*H. A. Ledbetter,* for plaintiff in error.

Opinion by RITTENHOUSE, C. There is but one assignment of error relied upon and that is "irregularity in the rendition of the judgment in the trial court, which ordinary prudence could not have prevented." The record shows that R. F. Turner, who was the leading counsel in the case, had requested the county judge to continue all his cases, as he would have to leave the state on account of the illness of his mother; that said request was granted by the county judge, and, relying upon the statement of the county judge, the said R. F. Turner was not present on the day of the trial, when judgment was rendered by default.

Defendant in error has failed to file a brief in this court in support of his judgment. The brief of plaintiff in error appears

to sustain his contention that the trial court abused its discretion, and where plaintiff in error has prepared, served, and filed his brief as provided by the rules of this court, and there is no brief filed by the defendant in error, nor reason given for its absence, this court is not required to search the record to find some theory on which the judgment below may be sustained; but, where the brief filed by the plaintiff in error appears reasonably to sustain the assignment of error, this court may reverse the judgment in accordance with the prayer of the petition. *Security Ins. Co. v. Droke,* 40 Okla. 116, 136 Pac. 430.

The cause should be reversed and remanded, with direction to grant a new trial.

By the Court: It is so ordered.